# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00231-CV

---

**Mohammad Mahmood, Appellant**

**v.**

**John Ward, Susan Ward, and Amanda Slahetka, Appellees**

---

**FROM THE 480TH DISTRICT COURT OF WILLIAMSON COUNTY
NO. 19-3679-FC1, THE HONORABLE WILLIAM C. KIRKENDALL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Mohammad Mahmood, acting pro se, has filed a notice of appeal from the trial court's March 22, 2024 "Temporary Restraining Order" (TRO). The TRO includes a finding that its issuance was necessary for the safety and welfare of Mahmood's child who is the subject of the suit, restrains Mahmood from taking certain actions and from possession of or access to his child, and orders him to appear for a hearing on May 13, 2024, to determine whether the trial court should order specified temporary relief during the case. *See* Tex. Fam. Code § 105.001(a) (stating that trial court may make temporary orders for safety and welfare of child); Tex. R. Civ. P. 680 (addressing applicable procedures for temporary restraining orders).

On April 11, 2024, the Clerk of this Court advised Mahmood that it appears that this Court lacks jurisdiction over this matter because the TRO was not appealable. *See In re Newton*, 146 S.W.3d 648, 652 (Tex. 2004) (stating that "temporary restraining order is generally

not appealable"); *Frederick v. Frederick*, No. 08-22-00144-CV, 2022 Tex. App. LEXIS 5331, at *1–2 (Tex. App.—El Paso July 29, 2022, pet. denied) (mem. op.) (explaining that appeals may only be taken from final orders or judgment unless otherwise permitted by statute and that "there is not a statutory provision authorizing an appeal from the grant (or denial) of a temporary restraining order"). The Clerk requested that Mahmood file a response explaining how this Court may exercise jurisdiction over this appeal. *See* Tex. R. App. P. 42.3(a).

In his response, Mahmood appears to argue that the TRO is in substance a temporary injunction that is subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (authorizing interlocutory appeal from order granting temporary injunction as provided in Chapter 65). The substance of the TRO, however, is based on the procedures as set forth in Texas Rule of Civil Procedure 680 and Section 105.001 of the Texas Family Code, which do not provide for an interlocutory appeal. *See* Tex. Fam. Code § 105.00(a), (e) (stating that temporary orders rendered under section are not subject to interlocutory appeal); Tex. R. Civ. P. 680. Accordingly, because the TRO is not appealable, we dismiss this appeal for want of jurisdiction.[1]

---

[1] To the extent that we could construe the notice of appeal as a petition for writ of mandamus, we would deny the petition as moot. The TRO expressly states that it "will continue in full force and effect until further order of this Court or until it expires by operation of law." Under Rule 680, a temporary restraining order generally expires fourteen days after it is signed. *See* Tex. R. Civ. P. 680 (stating that generally temporary restraining order "shall expire by its terms within such time after signing, not to exceed fourteen days"). Thus, the TRO expired fourteen days after March 22 and is no longer in effect.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed for Want of Jurisdiction

Filed:   May 2, 2024

3